# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5226 | **DATE** | 8/22/2012 |
| **CASE TITLE** | Langer vs. Board of Education of the City of Chicago | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant's motion to dismiss [10]. For the reasons below, Plaintiff's amended complaint [8] is stricken without prejudice pursuant to Fed. R. Civ. P. 12(h)(1) and with leave to file an amended complaint within 45 days, and Defendant's motion to dismiss [10] is denied without prejudice as moot. Please see below for further discussion.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Upon consideration of Plaintiff's amended complaint [8] and Defendant's motion to dismiss [10], it is clear that Plaintiff's amended complaint—at 105 pages—is burdensome, difficult to decipher, and fails to articulate any cognizable claims. As best the Court can decipher, Plaintiff appears to be trying to assert three sets of claims. The first two kinds of claims would arise under federal law, if in fact Plaintiff can plausibly allege a claim. First, Plaintiff claims she was discriminated against in violation of Title VII 42 U.S.C. § 2000(e) *et seq.*, for her age, for not being Hispanic, and for being Jewish. Defendant argues that these claims are time-barred. Second, Plaintiff alleges that a parent member of the Local School Council discriminated against her. Defendant argues that the Board cannot be held liable under Title VII for the attitudes, comments, and behaviors of members of local school council, because Title VII governs only the actions of employers, and not independent organizations, and under Illinois law local school council are statutorily independent from the Board. See 105 ILCS 5/43-2.1(a). The third set of claims would arise under state law, thereby invoking the Court's supplemental jurisdiction (as opposed to its original jurisdiction).

Unfortunately, because Plaintiff's complaint and response to Defendant's motion are so voluminous and unfocused, the Court cannot determine whether Plaintiff has any cognizable federal claims upon which relief can be granted. Accordingly, the Court, *sua sponte*, strikes Plaintiff's first amended complaint [8] without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(1) and with leave to file an amended complaint within 45 days. The Court strongly suggests that before filing a second amended complaint Plaintiff (1) consider whether to retain an attorney if she can afford one, or (2), in the alternative, file a request for appointment of counsel and supporting financial affidavit pursuant to 28 U.S.C. § 1915(e)(1) if she would like the assistance of counsel but cannot afford one, or (3), at a minimum, make an appointment with the Court's Pro Se Help Desk on the 20th Floor of the Dirksen Federal Courthouse. Any or all of these actions surely would assist in enabling Plaintiff to articulate, and the Court and Defendant to comprehend, Plaintiff's factual allegations and to identify whether any plausible causes of action may be available. In addition,

| STATEMENT |
|---|
| because the Court generally will not retain jurisdiction over state law claims if a complaint does not allege any plausible federal law claims, the Court also suggests that Plaintiff carefully consider – again, with the assistance of counsel or the Help Desk, if possible – Defendant's contention that Plaintiff's only federal claims are time barred and/or cannot be directed against the Board. If that is the case, the proper course may be to dismiss the federal claims, with the consequence that any state law claims would be dismissed without prejudice to refilling within a year in state court pursuant to 735 ILCS 5/13-217. For the time being, until Plaintiff files an amended complaint, Defendant's motion to dismiss [10] is denied without prejudice as moot. |