**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Odette Langer | ) | |
| | ) | |
| Plaintiff | ) | Case No. 11 C 5226 |
| v. | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| Board of Education of the City of Chicago | ) | |
| Defendant | | |

## ORDER

Magistrate Judge status hearing held on 1/23/2015 and continued to 3/11/2015 at 11:00 a.m. Defense counsel reports that he expects the remaining discovery that Defendant is producing (whether by agreement or per the Court's rulings) to be made available to Plaintiff by the end of January. Plaintiff requested that she be given access to unredacted copies of principal evaluations were were produced some time ago. Currently the name of the principal and school is redacted from each evaluation, though Defendant identified which evaluations were of principals who either self reported that he/she was Hispanic or had a Hispanic name (approximately 6 to 8). Defendant did not have information as to whether any of the principals was of Jewish ethnicity. The Court orders Defendant to make the unredacted evaluations available for Plaintiff's examination (not copying) as soon as possible and over multiple days if Plaintiff requests this. Plaintiff's examination of the unredacted evaluations shall be completed no later than 2/23/2015. Plaintiff is cautioned that the information in the evaluations is confidential, subject to the protective order that she signed, and for use only in this litigation. In addition, to the extent that Plaintiff needs to refer to information from these evaluations in any future court filing, she shall not disclose the principal's name or the name of the school (from which the principal's identity easily could be determined) without first obtaining court permission and explaining why this is necessary. Plaintiff may use numbers or letters or some other method when referring to specific principals and schools identified in the evaluations. To the extent that Plaintiff seeks any additional evaluations, she must report to the Court in writing by 3/4/2015 whether and how the information in the existing evaluations is helpful in proving her claims. If Plaintiff files such a report in support of a request for additional evaluations, Defendant shall deliver the evaluations to the Court for in camera review by 3/9/2015. As for Plaintiff's deposition, this is set for 2/26/2015 at 10 a.m. and shall proceed as scheduled. Plaintiff reported that she does not yet know whether she will take any depositions. To the extent that she decides to do so, Plaintiff shall send the list of such witnesses to defense counsel by 2/25/2015. As to any third parties on the list (e.g., former employees of Defendant), Defendant shall inform Plaintiff by 3/4/2015 whether defense counsel is authorized to accept service of a subpoena for the witness. If not, Defendant shall provide

Plaintiff with the witness's last known address, telephone number, and email address, for use in serving the subpoenas. The parties are to confer before the next status hearing as to proposed dates for the depositions of any witnesses who are current employees of Defendant so need not be served with subpoenas.

Date:   January 23, 2015                                                                  Magistrate Judge Sheila Finnegan

(0:35)

Rev. 10/2013