IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ODETTE LANGER, | ) | |
|---|---|---|
| | ) | Case No. 11-cv-5226 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Odette Langer ("Plaintiff") brings suit against the Board of Education of the City of Chicago ("Defendant") for race discrimination under 42 U.S.C. § 1981, breach of contract, and violation of federal due process.[1] This case is currently before the Court on Plaintiff's objections [231] to Magistrate Judge Finnegan's July 13, 2016 discovery order. See [226]. For the reasons that follow, Plaintiff's objections [231] are overruled. As a housekeeping matter, the Court also directs the Clerk to terminate as moot Plaintiff's motion for extension of time to respond to Magistrate Judge Finnegan's July 13, 2016 discovery order [229]. Finally, the Court enters the following schedule for dispositive motions: Dispositive motions, along with memoranda in support and LR 56.1 and 56.2 Statement(s), due by 2/28/2017; response(s) due by 4/4/2017; replies due by 4/25/2017. The Court will rule by mail.

**I. Background**

The background of this case is set forth in detail in the Court's order granting in part and denying in part Defendant's motion to dismiss Plaintiff's amended complaint, knowledge of which is assumed here. See [49] at 2-6. Briefly stated, Plaintiff alleges that, for discriminatory

---

[1] Plaintiff's other claims, for age, race, and religious discrimination, "lack of investigation," and harassment, were dismissed on October 16, 2013. See [49] at 1.

reasons, her supervisor, Joseph Kallas ("Kallas"), coerced her into retiring from her position as principal of John Barry Elementary School ("Barry School") in 2010 under threats of termination. Plaintiff further alleges that Defendant's CEO, Ron Huberman ("Huberman"), never responded to her request to remove her notice of retirement from Defendant's files or alternatively to rescind the notice of retirement under Board of Education Rule 4-16(b).

Magistrate Judge Finnegan began supervising discovery in this case in January 2014. She set April 1, 2014 as the deadline for the parties to serve written discovery. Plaintiff failed to serve written discovery by that date or to respond to Defendant's discovery. Defendant therefore filed a motion to compel. Magistrate Judge Finnegan granted Plaintiff an extension of time until May 20, 2014 to serve written discovery. Plaintiff missed this deadline and belatedly served her first requests for production ("RFP") of documents on May 27, 2014. The nineteen numbered requests were exceedingly broad, contained numerous unnumbered subparts (which, when included, increase the total number of requests to well over 100), and in many places were difficult to decipher.[2]

---

[2] These requests are summarized in greater detail in Magistrate Judge Finnegan's July 13, 2016 order, knowledge of which is assumed here. See [226] at 5-6. As an example, RFP 1, [214] at 3-4, requests:

> Chicago Board of Education in open and closed sessions, stating the date and time of each session, all documents pertaining to the following:
> a) For each year separately and the school's name in alphabetical order Termination of each named school principal's employment, the name and type of the school, the type of termination, the reasons that the termination was or was not made, the documents that the Board saw and considered in that the decision, documents sent to the Board pertaining to any school principal and the dates that they were sent and received whether or not they were considered and if they were considered in what way were they considered; the name, home address, and home telephone number of each Board member, and by whom that member is employed currently and during the past 10 years prior to be involved in a decision pertaining to a principal;
> b) Board resolutions and warning resolutions pertaining to each principal receiving them or being considered to receive them; recommendations to the Board by the Chief Executive Officer ("CEO") and details of each recommendation and all facts pertaining to that occurring including who brought that principal's name to the CEO's attention and the date that occurred, and the complete factual basis for that having occurred;

On May 28, 2014, Magistrate Judge Finnegan held a hearing on discovery. Defendant reported that Plaintiff had not responded to discovery or served her own requests by the April 1, 2014 deadline. Over Defendant's objection, Magistrate Judge Finnegan allowed Plaintiff to serve her late discovery, required Defendant to serve a response, and ordered the parties to have a Rule 37 conference if necessary. See Fed. R. Civ. P. 37. Defendant's written responses to the RFPs contained numerous objections.

On June 25, 2014 (and unbeknownst to Magistrate Judge Finnegan until much later), Plaintiff served a second set of RFPs. This new set was also quite expansive and focused on documents pertaining to Barry School's "value added calculations," a method of measuring academic growth from year to year. Defendant objected to the second set of RFPs on the basis that they were served more than a month after the extended May 20, 2014 deadline for written discovery.

In an attempt to resolve the parties' disputes concerning written discovery and to advance the completion of all discovery, Magistrate Judge Finnegan subsequently held approximately twenty hearings with the parties, at which they provided updates on their ongoing efforts to narrow and complete Plaintiff's RFPs and Magistrate Judge Finnegan ruled on discrete disputes over the RPFs. At the close of each hearing, the Court asked whether either party had any

---

c) Hearings held of a principal before a hearing officer and all documents associated with that hearing and the basis of those hearings;
d) Policies, rules, guide lines, operating procedures, performance evaluations, and specific procedures to be followed by its department heads and departments and to be followed in regard to the termination of any employee's employment for any reason, authority, standards, requirements, performance of schools individually and in groups, methods that the Board used to be sure that departments or personnel were acting in accordance with the procedures with what the Board desires;
e) Chart showing interaction of each school system department, duties, and procedures to be used by each department;
f) School closings because of too few students, because of performance, because of making them charter schools to save money or for other reasons.

additional issues to bring to the Court's attention. Magistrate Judge Finnegan's July 13, 2016 order provides a detailed summary of these hearings and her rulings, knowledge of which is assumed here. [226] at 9-34.

By June 2015, it appeared that the parties were on the cusp of completing written discovery. However, at the June 17, 2015 status hearing, Plaintiff stated that she had requested but not yet received certain written discovery that Defendant had agreed to produce. Plaintiff stated that she had email communications with defense counsel reflecting these agreements. Magistrate Judge Finnegan ordered Plaintiff to provide the supporting email communications to her, if the parties could not resolve the dispute themselves. The parties did not resolve their dispute, and Plaintiff did not file the supporting email communications with the Court. Instead, over the next ten months Plaintiff filed three new motions, which made clear that she sought to litigate almost all of her original document requests, including ones on which Magistrate Judge Finnegan had already expressly ruled. See [170] (filed October 19, 2015), [197] (filed April 18, 2016), and [199] (filed April 18, 2016).

While she was overseeing written discovery, Magistrate Judge Finnegan was also overseeing deposition discovery. As is relevant to Plaintiff's objections, at the November 24, 2014 status hearing, Magistrate Judge Finnegan asked the parties what depositions they planned to take. Defendant stated that it intended to depose only Plaintiff, and Plaintiff stated that she did not yet know of any depositions that she would take. Magistrate Judge Finnegan ordered the parties to file a written status report by January 7, 2015 discussing their planned depositions and the dates they had agreed upon for them. Plaintiff filed a late status report on January 15, 2015, but did not identify any witnesses who she intended to depose. At the January 23, 2015 status hearing, Plaintiff stated that, at the moment, she did not intend to depose anyone. Magistrate

Judge Finnegan gave Plaintiff until February 25, 2015 to send Defendant a list of witnesses who she wanted to depose. Plaintiff did not send Defendant a list of witnesses by the February 25, 2015 deadline. Upon Plaintiff's motion, Magistrate Judge Finnegan granted Plaintiff until March 18, 2015 to identify deponents, but warned Plaintiff that no further extensions would be allowed. See [132] at 1. Plaintiff did not identify any deponents by the extended March 18, 2015 deadline.

At the May 26, 2015 status hearing, defense counsel informed Magistrate Judge Finnegan that he intended to depose Monica Rosen ("Rosen"), Defendant's former Talent Management Officer, on July 1, 2015. Defense counsel also stated that he would not be deposing Kallas, unless it became necessary based on Rosen's testimony. Two days before Rosen's deposition, defense counsel informed Plaintiff via email that he was cancelling the deposition. On July 22, 2015, Plaintiff filed a motion seeking permission to depose both Rosen and Kallas. Magistrate Judge Finnegan granted the motion to depose Rosen, over Defendant's objection, and required the deposition to be completed on August 25 or 26, 2015. Magistrate Judge Finnegan took under advisement whether to allow Kallas to be deposed. On September 1, Magistrate Judge Finnegan ruled that Plaintiff could depose Kallas so long as the deposition was completed by October 31, 2015.

Plaintiff eventually took Rosen's deposition on November 12, 2015, after cancelling it once due to illness. She also sought an extension of time to take Kallas' deposition. On October 30, 2015, Magistrate Judge Finnegan granted Plaintiff an extension, but ordered that Kallas' deposition must be completed before the December holidays. Plaintiff subsequently sought to delay Kallas' deposition until after January 1, 2016. Defendant objected. Magistrate Judge Finnegan held a telephonic status conference on December 8, 2015. Plaintiff failed to dial in.

5

Defense counsel informed Magistrate Judge Finnegan that Kallas was available to be deposed on December 30, 2015, and Magistrate Judge Finnegan ordered that the deposition go forward on that date. On December 28, 2015, Plaintiff cancelled the deposition, allegedly because she had a bad cold and was taking prescription medication. On January 7, 2016, she filed a motion asking to reschedule Kallas' deposition. After determining via *in camera* review that Plaintiff had not actually been taking prescription medication, Magistrate Judge Finnegan granted Plaintiff one final extension of time in which to depose Kallas. Plaintiff eventually deposed Kallas on January 28, 2016.

In April and May 2016, Plaintiff filed motions seeking to depose Defendant's former CEO, Huberman, and unspecified current and former employees of Defendant. See [201] (filed April 18, 2016), [208] (filed May 10, 2016).

On July 13, 2016, Magistrate Judge Finnegan issued an order denying Plaintiff's most recent five discovery motions, [170], [197], [199], [201], and [208]. As to Plaintiff's three motions to compel, [170], [197], and [199], Magistrate Judge Finnegan concluded that "the underlying premise for Plaintiff's motions to compel—that Defendant agreed to produce all the documents sought in her numerous requests—is false, and she offers no other reasons to grant her motions and require the exceedingly broad discovery that she seeks." [226] at 48. Magistrate Judge Finnegan explained that Plaintiff refused repeated opportunities to narrow her requests and sought to re-litigate the Court's discovery rulings on multiple occasions. Based on the totality of the circumstances, Magistrate Judge Finnegan denied Plaintiff's motion to compel Defendant to gather and produce voluminous additional documents.

As to Plaintiff's two motions requesting additional depositions, [201] and [208], Magistrate Judge Finnegan concluded that Plaintiff had delayed too long in seeking the

depositions and failed to argue convincingly that she learned new information during the Rosen or Kallas depositions that created a need for additional depositions. Magistrate Judge Finnegan explained that Plaintiff provided no reason for failing to identify Huberman as a deponent long ago, and no details on what information she expected to learn from the additional ten or fifteen unnamed deponents referred to in her motions. "Absent any clear statement regarding what Plaintiff hopes to glean from the unspecified witnesses, or any valid explanation for her delay in seeking to depose new witnesses," Magistrate Judge Finnegan denied Plaintiff's request to take additional depositions. [226] at 49.

## II. Legal Standard

Magistrate judges have "extremely broad discretion in controlling discovery" when matters are referred to them for discovery supervision. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Federal Rule of Civil Procedure 72(a) permits parties to object to a magistrate judge's resolution of non-dispositive motions—including discovery motions, see 28 U.S.C. § 636(b)(1)(A)—within fourteen days after being served with the order. This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous" only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. If "there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Ball v. Kotter*, 2009 WL 3824709, at *3 (N.D. Ill. Nov. 12, 2009) (internal quotation marks and citation omitted). This "standard of review is consistent with the view that the judge who issued the discovery order at issue is in the best position to determine whether the parties have complied with it." *Id.* (citing *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996)).

**III.    Analysis**

Plaintiff raises two issues in her objections to Magistrate Judge Finnegan's July 13, 2016 order. First, as to her motions to compel, [170], [197], and [199], Plaintiff essentially argues that Magistrate Judge Finnegan incorrectly believed that written discovery was nearly complete by June 2015, when in fact Plaintiff still expected Defendant to produce additional documents in response to her first set of RFPs, and Defendant had agreed to do so.

The Court concludes that Magistrate Judge Finnegan did not commit clear error by denying Plaintiff's motions to compel the production of additional documents in response to her RFPs. See [170], [197], and [199]. Based on its review of the record, the Court concludes that there is no support for Plaintiff's position that Defendant agreed to produce all of the documents sought in her numerous RFPs. It was eminently reasonable for Magistrate Judge Finnegan to conclude, after conducting approximately twenty hearings at which Plaintiff had a chance to raise any outstanding discovery issues, that Plaintiff is not entitled to the production of any additional documents. This case is more than five years old and Magistrate Judge Finnegan has been supervising discovery for the past two and half years. Neither discovery nor the litigation can go on forever. Further, Plaintiff fails to explain how any of the additional documents that she seeks are relevant to her case or why she could not have moved to compel them earlier.

As to RFPs on which Magistrate Judge Finnegan already directly ruled, Plaintiff fails to explain how or why any of these rulings were incorrect. Moreover, Plaintiff's apparent challenge to Magistrate Judge Finnegan's July 29, 2014 ruling (see [231] at 4) is untimely by nearly two years. See Fed. R. Civ. P. 72(a) (requiring objections to be filed within 14 days of the ruling being challenged).

Plaintiff's second objection to Magistrate Judge Finnegan's July 13, 2016 order concerns her motions to take the depositions of Huberman and ten to twenty other unspecified deponents. See [201] and [208]. Plaintiff argues that she is entitled to take additional depositions because, before Magistrate Judge Finnegan began supervising discovery, this Court stated that Huberman and Alicia Winckler, from Defendant's Human Resources/Human Talent Department, "should be deposed." [231] at 5. It is unclear from Plaintiff's brief or supporting exhibits what statement by the Court she is referring to. But this is ultimately irrelevant. Regardless of whether the Court said prior to January 2014 that Huberman could or should be deposed, the fact is that Plaintiff never sought to depose Huberman (or Winckler) until long after the deadline for identifying deponents had already passed. Plaintiff offers no reason why she could not have identified Huberman as a deponent earlier. Indeed, her own argument makes clear that she could have, by referring to a ruling that this Court allegedly made before Magistrate Judge Finnegan was ever assigned to supervise discovery. Plaintiff also does not argue that she learned any new information at Kallas' or Rosen's deposition that made it necessary for her to depose anyone else.

The Court therefore concludes that Magistrate Judge Finnegan did not commit clear error by denying any of Plaintiff's discovery motions, [170], [197], [199], [201] or [208] and overrules Plaintiff's objections [231] to the July 13, 2016 discovery order [226].

IV. **Conclusion**

For the foregoing reasons, Plaintiff's objections [231] to Magistrate Judge Finnegan's July 13, 2016 discovery order are overruled. As a housekeeping matter, the Court also directs the Clerk to terminate as moot Plaintiff's motion for extension of time to respond to Magistrate Judge Finnegan's July 13, 2016 discovery order [229]. Finally, the Court enters the following

9

schedule for dispositive motions: Dispositive motions, along with memoranda in support and LR 56.1 and 56.2 Statement(s), due by 2/28/2017; response(s) due by 6/4/2017; replies due by 4/25/2017. The Court will rule by mail.

Dated: January 18, 2017

_____
Robert M. Dow, Jr.
United States District Judge